# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2016, 6:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffery A. Sarver, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 30, 2016 <br><br> Court of Appeals Case No. <br> 34A02-1601-CR-47 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable William C. Menges, Judge <br><br> Trial Court Cause No. <br> 34D01-0609-FA-762 |

**Altice, Judge.**

**Case Summary**

[1] Jeffery A. Sarver appeals following the revocation of his probation. He claims the trial court abused its discretion by ordering the sentence to be served consecutively to a sentence imposed in another cause for a crime committed while on probation in the instant case. Sarver also asserts that the abstract of judgment contains an error regarding credit time.

[2] We affirm.

## Facts & Procedural History

[3] On December 19, 2007, pursuant to a plea agreement, Sarver pled guilty to Class B felony aiding, inducing, or causing dealing in cocaine, which was reduced from a Class A felony. In exchange for the plea, the State also dismissed a habitual offender enhancement. The trial court sentenced Sarver in accordance with the plea agreement to fifteen years in the Department of Correction (the DOC) with ten years executed and five years suspended to supervised probation.

[4] Sarver was released from the DOC in March 2011. On April 9, 2015, the State filed a petition to revoke alleging that Sarver had: (1) failed to report to probation on or after August 6, 2013; (2) failed to notify his probation officer regarding new criminal charges that resulted in a conviction in October 2013 for class A misdemeanor operating a vehicle while intoxicated (OWI) endangering a person, under cause number 27D03-1307-CM-106; and (3) failed to notify his probation officer that new criminal charges had been filed against him in December 2014 for Level 6 felony possession of cocaine, Level 6 felony OWI

with an ACE of .08 or more, and Level 6 felony obstruction of justice, under cause number 34D01-1412-F6-945 (F6-945). Sarver subsequently admitted the allegations contained in the petition. On August 12, 2015, the trial court ordered Sarver to execute 102 days of his previously suspended sentence, which had been satisfied prior to the hearing, and extended his probation for a period of 183 days. The court ordered that the sentence in this cause and the sentence in F6-945 be served consecutively. Further, the court ordered as a condition of probation, among others, that Sarver successfully complete the Re-Entry Program offered by Howard County Community Corrections.

[5] On October 14, 2015, Sarver was terminated from the Re-Entry Program due to repeated use of controlled substances. This led to the immediate filing of a second petition to revoke, and Sarver's admission that he had violated probation. On December 23, 2015, the trial court revoked Sarver's probation and ordered him to serve the balance of his suspended sentence, 1723 days, in the DOC. In its sentencing order, the court noted that Sarver had credit of "99 actual days or 198 credit days, day for day credit, served while awaiting disposition in this matter." *Appendix* at 211.

## Discussion & Decision

[6] Sarver's arguments on appeal are fleeting and without merit. He first challenges the consecutive nature of this sentence to the sentence imposed in F6-945. Aside from the fact that this was clearly required by Ind. Code § 35-50-

1-2(e),[1] we observe that Sarver did not appeal the August 12, 2015 revocation order that expressly made the sentences consecutive. Accordingly, he may not now be heard to complain about this on appeal from the subsequently issued, December 23, 2015 revocation order.

[7] Next, Sarver claims that the abstract of judgment entered on December 31, 2015, does not comply with the sentencing order with respect to credit time. As set forth above, the trial court indicated in its sentencing order that Sarver had credit time of "99 actual days or 198 credit days". *Appendix* at 211. The abstract of judgment indicates that he had accrued time of 99 days and good time credit of 99, which in our calculation would total 198 days of credit time. *See* Ind. Code § 35-50-6-0.5 (defining accrued time, credit time, and good time credit). There is no discrepancy in this regard between the court's order and the abstract of judgment.

[8] Judgment affirmed.

[9] Bailey, J. and Bradford, J., concur.

---

[1] The statute provides in pertinent part: "If, after being arrested for one (1) crime, a person commits another crime…before the date the person is discharged from probation… for the first crime…the terms of imprisonment for the crimes *shall be* served consecutively, regardless of the order in which the crimes are tried and sentences are imposed." *Id*. (emphasis supplied). Sarver was on probation in this matter when he was charged and convicted in F6-945.